UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO G., <br><br>Plaintiff, <br><br>v. <br><br>ANDREW SAUL, Acting Commissioner of Social Security,[1] <br><br>Defendant. | Case No.: 18cv2621-AJB(MSB) <br><br>**REPORT AND RECOMMENDATION REGARDING JOINT MOTION FOR JUDICIAL REVIEW [ECF NO. 12]** |

This Report and Recommendation is submitted to the Honorable Anthony J. Battaglia, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. On November 15, 2018, Plaintiff Ricardo G. filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited on January 24, 2020). The Court substitutes Andrew Saul for his predecessor, Nancy A. Berryhill, as the defendant in this action. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) (providing that "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant.").

1

application for a period of disability and disability insurance benefits. (Compl., ECF No. 1.)

Now pending before the Court is the parties' Joint Motion for Judicial Review. For the reasons set forth below, the Court **RECOMMENDS** that the Commissioner's decision be **AFFIRMED** and that this action be dismissed.

## I. PROCEDURAL BACKGROUND

On September 3, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits under Titles II and XVI of the Social Security Act. (Certified Admin. R. 84-85, 227-28, ECF No. 8 ("AR").) On September 11, 2014, Plaintiff also filed an application for supplemental security income. (Id. at 229-35.) For both applications, Plaintiff alleged disability beginning December 31, 2010. (Id. at 227, 229.) After his applications were denied initially and upon reconsideration (id. at 146-50, 153-57), Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), (id. at 158-59). An administrative hearing was held on January 31, 2017. (Id. at 58-83.) Plaintiff appeared at the hearing with counsel, and testimony was taken from him and a vocational expert ("VE"). (See id.)

As reflected in his September 28, 2017 hearing decision, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 31, 2010, through the date of the decision. (Id. at 37-52.) The ALJ's decision became the final decision of the Commissioner on August 13, 2018, when the Appeals Council denied Plaintiff's request for review. (Id. at 17-21.) This timely civil action followed. (See Compl., ECF No. 1.)

## II. SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. See 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2010, the alleged onset date. (AR at 40.) At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease,

ankle injury, diabetes mellitus, obesity, hypertension, obstructive sleep apnea, hernia, and depression. (Id.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (Id.)

Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to do the following:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except claimant could occasionally balance, stoop, kneel, crouch and crawl. Claimant could occasionally climb ramps and stairs but could never climb ladders, ropes and scaffolds. Claimant should be able to alternate between sitting and standing/walking after being in one such position for no more than 30 minutes at a time. Claimant should have no public contact and can perform simple routine tasks.

(Id. at 42.)

At step four, the ALJ adduced and accepted the VE's testimony that a hypothetical person with Plaintiff's vocational profile and RFC would be unable to perform any of his past relevant work. (Id. at 50; see also id. at 75.) The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with Plaintiff's vocational profile and RFC could perform the requirements of occupations that existed in significant numbers in the national economy, such as "document preparer" and "polisher, eyeglass frames," the ALJ found that Plaintiff was not disabled. (Id. at 51.)

### III. DISPUTED ISSUE

As reflected in the parties' Joint Motion for Judicial Review, Plaintiff is raising the following issue as the ground for reversal and remand: Whether the ALJ carried the Administration's burden at step five of the sequential analysis. (J. Mot. Jud. Review 4, ECF No. 12 ("J. Mot.").)

///
///
///

## IV. STANDARD OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited, and the denial of benefits will not be disturbed if it is supported by substantial evidence in the record and contains no legal error. Id.; Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).

"Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (quoting Desrosiers v. Sec'y Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Where the evidence is susceptible to more than one rational interpretation, an ALJ's decision must be upheld. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). This includes deferring to an ALJ's credibility determinations and resolutions of evidentiary conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). Even if the reviewing court finds that substantial evidence supports an ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

The reviewing court may enter a "judgment affirming, modifying, or reversing" the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the case to the Social Security Administration for further proceedings. Id.

## V. DISCUSSION

Plaintiff asserts that the ALJ failed to meet his step five burden of establishing that additional jobs exist in significant numbers in the national economy that Plaintiff can perform. (J. Mot. at 4-8.) Plaintiff contends that the ALJ determined that Plaintiff can perform alternate occupations based on an incomplete hypothetical question to the VE. (Id. at 4.) Plaintiff maintains that his RFC limitation of "alternat[ing] between sitting and

standing/walking" requires "hav[ing] the option to walk" at will as an entirely separate option. (Id. at 9.) He argues that the ALJ's hypothetical "only included what the vocational expert interpreted to be a sit/stand option," and left out Plaintiff's "additional requirement of being able to walk in combination with a limitation with respect to sitting." (Id. at 7.) Plaintiff claims that the ALJ's error was not harmless and asks the Court to reverse the ALJ's decision. (Id. at 10-11.)

The Commissioner argues that Plaintiff's RFC is less restrictive than the hypothetical RFC the ALJ posed to the VE. (Id. at 8-9 (citing AR at 42).) The Commissioner contends that the hypothetical RFC posed to the VE allowed alternating between sitting and standing, and necessarily included Plaintiff's less restrictive RFC, which allowed alternating between sitting and either standing or walking. (Id.) The Commissioner therefore asserts that any alleged error by the ALJ was harmless and asks the Court to affirm the ALJ's decision. (Id. at 8-9, 11.)

### 1. Applicable law

At step five of the sequential evaluation process, the ALJ is required to determine whether a claimant can perform any other work existing in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work experience. See 20 C.F.R. § 404.1520(g). The ALJ may rely on the testimony of a VE to assist in this determination, but the ALJ is required to pose a hypothetical question that includes all of claimant's limitations that are supported by substantial evidence in the record. See Lubin v. Comm'r Soc. Sec. Admin., 507 F. App'x 709, 712 (9th Cir. 2013); Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). If the ALJ's hypothetical to the VE does not incorporate all of a claimant's limitations or is not supported by substantial evidence in the record, the VE's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy. See DeLorme, 924 F.2d at 850; Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The VE's testimony should generally be consistent with the DOT. See SSR 00-4P, 2000 WL 1898704, at *2. If there is a conflict between the VE's

testimony and the DOT, the ALJ is required to inquire into and resolve the conflict before relying on the VE's testimony to find that a claimant can perform other work. See id.

In assessing an individual's RFC and ability to perform work existing in significant numbers in the national economy, the ALJ is required to consider each exertional capacity separately. See SSR 96-8p, 1996 WL 374184, at *5. "Exertional capacity" refers to an "individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling." Id.

A reviewing court "may not reverse an ALJ's decision on account of an error that is harmless." See Molina, 674 F.3d at 1111. An ALJ's error is harmless if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (citing Burch v. Barnhart, 400 F.3d at 682).

**2. Analysis**

The ALJ determined that Plaintiff's RFC required him to "be able to alternate between sitting and standing/walking after being in one such position for no more than 30 minutes at a time." (AR at 42). During the administrative hearing, the VE categorized Plaintiff's past relevant work as a "waiter, general, DOT 311.477–030." (Id. at 75.) The ALJ asked the VE to consider a hypothetical individual of Plaintiff's age, education, and experience, with the ability to perform "light work with occasional postural activities, no climbing of ladders, ropes or scaffolds." (Id.) The VE testified that such an individual could still perform Plaintiff's past relevant work as a waiter. (Id.)

The ALJ then questioned the VE as follows:

Q   Hypothetical two. Lift no more than 15 pounds. And this is added to hypo one. Standing and walking no more than 30 minutes at one time and stretch breaks of five minutes per hour. Would that still allow for past work?

A   No.

Q   Other work.

A   It would be SVP 2, light. It would be sit/stand option and the examples would be such as silver wrapper. 318.687-018. Nationally 150,000. Another sit/stand option would be garment sorter. 222.687-014 and national would be 125,000.

Q   Dr. Thompson said bench work or kind of sit down jobs. If I limit <u>standing or walking</u> to two hours total could the individual still do the silver wrapper or garment sorter?

A   It would be mostly sitting. You can mostly sit for that job.

Q   You can mostly sit for either job.

A   Yes.

Q   So the numbers would be the same.

A   Yes.

Q   Okay. What if sitting is limited to no more than 30 minutes at one time?

A   Well, they would–they could go into a sitting, sedentary, SVP 2 where he could stand and sit.

Q   And <u>let me add for this hypothetical</u>—I am sorry.

A   Sorry.

Q   So that this—the testimony was sitting no more than 30 minutes at a time and also based on the testimony I would limit the individual to simple, routine tasks in a non-public setting. So with that additional limitation is there sedentary or light work?

A   Well, sedentary where he could possibly sit/stand option and there would be the document preparer, which is the office handler work. In the office. That's 249.587-018. And national would be 175,000 and I can give you another example. This is also non public. Another one would be

polisher, eyeglass. Sitting job. He can stand and do this. 713.684-038. And 120,000 jobs–120,000 national. But that's a non public.

(Id. at 75-77 (emphasis added).) The ALJ relied on the VE's testimony and ruled that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Id. at 51.)

Plaintiff contends that although the ALJ determined that Plaintiff's RFC required him to "be able to alternate between sitting and standing/walking," the hypothetical the ALJ posed to the VE did not include an option to walk in combination with a limitation with respect to sitting. (See J. Mot. at 7-8.) The Court has carefully reviewed the ALJ's questioning of the VE and does not find that the ALJ committed an error by posing an incomplete hypothetical, as Plaintiff alleges. During the questioning, the ALJ expressly inquired about a hypothetical individual limited to "standing or walking" up to two hours, and subsequently further refined the hypothetical by limiting the individual to "sitting no more than 30 minutes at a time," and being capable of performing simple, routine tasks in a non-public setting. (AR at 76.) The ALJ testified that such an individual could perform the jobs of "polisher, eyeglass frames" (DOT 713.684-038[2]) and "document preparer" (DOT 249,587-018[3]). (Id. at 76-77.)

---

[2] The DOT describes a "polisher, eyeglass frames" job (713.684-038) as follows:

> Polishes plastic eyeglass frames and temple pieces to remove scratches and pit marks, using polishing wheel: Applies abrasive compound to wheel surface, using brush. Starts machine and holds and turns frame parts against wheel to polish parts and remove defects. Inspects and feels polished parts to verify removal of flaws. Presses sandpaper against polishing wheel to remove abrasive residue in preparation for next sequence.

DOT 713.684-038, 1991 WL 679267.

[3] The DOT describes the duties of a "document preparer" (249,587-018) as:

> Prepares documents, such as brochures, pamphlets, and catalogs, for microfilming, using paper cutter, photocopying machine, rubber stamps, and other work devices: Cuts documents into individual pages of standard microfilming size and format when allowed by margin space, using paper cutter or razor knife. Reproduces document

8

Further, the DOT's descriptions of the occupations identified by the VE show that they are classified as "sedentary." See DOT 713.684-038, 1991 WL 679267; DOT 249,587-018, 1991 WL 672349. The DOT defines "sedentary work" as work that involves "sitting most of the time, but may involve walking or standing for brief periods of time." Id. This description is consistent with Plaintiff's assessed RFC. (See AR at 42.)

Plaintiff argues that the VE "interpreted [the limitations posed by the ALJ] to be a sit/stand option," and left out "additional requirement of being able to walk." (See J. Mot. at 7.) Even if the ALJ committed an error by posing an incomplete hypothetical to the VE, the error was harmless. The ALJ still would have found that Plaintiff could perform the jobs of eyeglass polisher and document preparer, because Plaintiff's assessed RFC requires him to alternate between sitting and <u>either standing or walking</u>, (see AR at 42), and Plaintiff's RFC is encompassed in the more restrictive hypothetical, as allegedly interpreted by the VE, which included a limitation to alternating between sitting and standing. Therefore, the Court finds that any error in the hypothetical posed to the VE was inconsequential to the ALJ's final determination. See Stout, 454 F.3d at 1055 (an ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination."); see also Timothy S. v. Berryhill, Case No. 3:17-cv-1789-AC, 2018 WL 5973393, at *2-3 (D. Or. Nov. 14, 2018) (finding that ALJ's posing of a more restrictive hypothetical RFC to the VE than the claimant's assessed less restrictive RFC, was

---

pages as necessary to improve clarity or to reduce one or more pages into single page of standard microfilming size, using photocopying machine. Stamps standard symbols on pages or inserts instruction cards between pages of material to notify MICROFILM-CAMERA OPERATOR (business ser.) 976.682-022 of special handling, such as manual repositioning, during microfilming. Prepares cover sheet and document folder for material and index card for company files indicating information, such as firm name and address, product category, and index code, to identify material. Inserts material to be filmed in document folder and files folder for processing according to index code and filming priority schedule.

DOT 249,587-018, 1991 WL 672349.

harmless error, and that the ALJ carried the step five burden); Barragan v. Colvin, No. CV 12-6258-OP, 2013 WL 5467430, at *1, *6 (C.D. Cal. Sept. 30, 2013) (finding that ALJ's hypothetical question to the VE limiting a claimant to light or sedentary work, which did not include the claimant's actual RFC limiting her to medium work, was harmless error because the hypothetical was more restrictive). Plaintiff attempts to manufacture an additional independent limitation beyond the ALJ's assessed limitation that Plaintiff be able to alternate between "sitting and standing/walking." (See J. Mot. at 9-10; see also AR at 42.) "[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006); SSR 96-8p, 1996 WL 374184, at *1 ("It is incorrect to find that an individual has limitations beyond those caused by his or her medically determinable impairment(s) and any related symptoms."); see also Buckner-Larkin v. Astrue, 450 F. App'x 626, 627 (9th Cir. 2011) ("sit-stand option . . . is most reasonably interpreted as sitting or standing 'at will'"); Welsh v. Berryhill, Case No. CV 17-4565 JC, 2018 WL 3017530, at *4 (C.D. Cal. June 13, 2018) ("Court opinions and related authority generally suggest that a 'sit/stand' option would allow a claimant, at-will throughout the day, to alternate between sitting and standing and for possibly lengthy periods of time each, and with no limitation that the claimant remain at the work station and/or be on task in the transitions."); SSR 83-12, 1983 WL 31253, at *4 (noting that an individual who needed to alternate between sitting and standing "may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting."). Therefore, to the extent there was any error in the ALJ's hypothetical to the VE, it was harmless.

For the above stated reasons, the Court finds that the Commissioner has satisfied his burden at step five of the sequential evaluation process of demonstrating that work exists in significant numbers in the national economy that Plaintiff could do despite his limitations.

## VI. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, this Court **RECOMMENDS** that the decision of the Commissioner of Social Security be **AFFIRMED** and this action be dismissed.

**IT IS ORDERED** that no later than **February 21, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 28, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: February 7, 2020

Honorable Michael S. Berg
United States Magistrate Judge